**FILED**
2019 Mar-08  AM 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# U.S. DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# CENTRAL DIVISION

| | |
|---|---|
| MARY ABIGAIL HAGEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:18-cv-1169-AKK |
| | ) |
| CAMERON NICHOLAS PELLETIER, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT CAMERON NICHOLAS PELLETIER'S
## MOTION FOR SUMMARY JUDGMENT
## AND SUPPORTING BRIEF

Bradley J. Smith
State Bar ID:  ASB-6847-B52S

Clark, Hair & Smith, P.C.
100 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com

*Attorney for Defendant Cameron Pelletier*

Comes now the Defendant, CAMERON NICHOLAS PELLETIER, and moves this Court to enter summary judgment in its favor. As grounds for summary judgment, Defendant Cameron Pelletier states there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

## **INTRODUCTION**

This lawsuit concerns a May 20, 2017 automobile accident that involved a Ford 150 truck driven by Defendant, Cameron Pelletier. Seated in the front seat next to him was the Plaintiff, Mary Abigail Hagan. The accident occurred on the campus of Birmingham-Southern College at approximately 2:35 a.m. when the truck left the road and flipped on it side injuring Ms. Hagan. The suit claims Cameron Pelletier is liable to Hagen based on allegations of negligence, negligence per se and wantonness.

All of Plaintiff's claims fail as a matter of law because there is insufficient evidence of wantonness. Since there is no substantial evidence of wantonness, Alabama's Guest Passenger Statute, *Ala. Code* § 32-1-2 (1975) applies and bars Plaintiff's claims.

Cameron Pelletier is due summary judgment as to the Plaintiff's claims of wantonness. First, the evidence does not establish that Cameron Pelletier operated his motor vehicle with a conscious and/or reckless disregard for the safety of others. The Plaintiff has failed to produce substantial evidence that would overcome the

2

rebuttable presumption that under Alabama Law, the Defendant would not consciously act in a manner that placed himself or others in danger

## NARRATIVE SUMMARY OF FACTS

1. Mary Abigail Hagen and Cameron Pelletier were students at Birmingham Southern College. (Mary Abigail Hagen Depo; 8:1-2, Attached as Exhibit 1 and Cameron Pelletier Depo; 23:21-23, Attached as Exhibit 2).

2. During Spring semester 2017, Cameron and Mary Abigail were set up by friends to attend a fraternity formal in the Gatlinburg, Tennessee area. (Exhibit 2; 37:4-11; Exhibit 1, 13:5-23).

3. The two travelled to Tennessee in Cameron's 2013 Ford F-150 truck along with several friends and returned following the weekend. (Exhibit 1, 14:9-11; Exhibit 2).

4. After returning, the pair continued a romantic relationship. (Exhibit 1, 29:19-21).

5. On the night of May 20, 2017, Mary Abigail joined Cameron at his fraternity house for an informal get together. (Exhibit 1, 33:1-11).

6. Around 2:30 am, Mary Abigail received a call from a female friend. The friend advised she was having difficulty getting a male student to leave her apartment. (Exhibit 1, 35:9-23, 36:1, 38:16).

7. Mary Abigail did not want to walk to the friend's apartment. (Exhibit

1, 37:12).

8. Cameron volunteered to take Mary Abigail to the apartment and assist with the situation. (Exhibit 1, 37:6-7).

9. No money or compensation was exchanged for the ride. (Exhibit 1, 65:8-11).

10. The pair left the fraternity house in Cameron's truck. (Exhibit 1, 38:14-15).

11. Mary Abigail was not wearing a seatbelt. (Exhibit 1, 66:23, 67:1-2).

12. Moments after leaving, the accident occurred resulting in personal injuries to Mary Abigail. (Complaint, Attached hereto as Exhibit 3).

13. Cameron told the police on scene and testified under oath at deposition that an animal ran out in front of the truck causing him to swerve. Specifically, he maintains a squirrel or fox ran in front of the truck. (Accident Report, Attached hereto as Exhibit 4; Exhibit 2, 80:3-6).

14. After swerving to miss the animal, the truck went into the grass and hit a bush. Carmeron then swerved to miss a pine tree and the vehicle rolled. (Exhibit 2, 80:5-11).

15. Cameron was interviewed by the Birmingham-Southern security guards and Birmingham Police for a lengthy amount of time. No field sobriety or blood tests were taken. All evidence sutbstantiates Cameron was not intoxicated.

(Exhibit 2, 119:2-3).

16. Cameron was told by investigating officers that he did not appear impaired, did not smell of alcohol, and that his coordination appeared to be of someone that was sober. (Exhibit 2, 119:6-9).

17. After Mary Abigail returned to school in the fall of 2017, the pair continued to date. (Exhibit 2, 134: 17-23).

18. Mary Abigail spent the night in Cameron's room at the fraternity house approximately five times a week. (Exhibit 2, 139:17-23).

19. The relationship ended after suit was filed. The two no longer communicate. (Exhibit 1, 96:5-14).

## SUMMARY JUDGMENT STANDARD

Under *Federal Rule of Civil Procedure 56(c)*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Once the moving party has

met its burden, the Rule requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing there is a genuine issue for trial. *See id. at 324.*

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be grated. *See id.*, at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson v. Liberty Lobby, Inc.* teaches, Rule 56(c) "does not allow the plaintiff to simply rest on [her] allegations made in the complaint; instead, as the party bearing the burden of proof of trial, [s]he must come forward with at least some evidence to support each element essential to [her] case at trial." *Anderson*, 477 U.S. at 252. "Mere allegations" made by a plaintiff are insufficient. *Id.*

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp.2d 1257, 1262 (D.Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp.2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp.2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear ... that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## LEGAL ARGUMENT

### I.  There is no Evidence of Willful or Wanton Misconduct.

The Alabama Guest Statute provides:

> The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said

> motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of the motor vehicle.

*Ala. Code § 32-1-2*. The purpose of the statute is "to prevent generous drivers, who offer rides to guests, from being sued in what often are close cases of negligence." *Ex Parte Anderson*, 682 So. 2d 467 (Ala. 1996)(citations omitted). Because the Guest Statute precludes liability for conduct that is only negligent, a plaintiff must show "willfull or wanton misconduct" to avoid the statute's application. See *Ala. Code § 32-1-2 (1975); Ex Parte Anderson,* 682 So. 2d at 469; *Davis v. Davis*, 622 So. 2d 901, 902 (Ala. 1993).

### A. Plaintiff Has Not Establsihed That Pelletier's Actions Rise to the Level of "Willful or Wanton Misconduct."

Plaintiff has brought a claim of wantonness against Pelletier. Wantonness is defined as "the conscious doing of some act or the omission of some duty, while knowing of existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Fox Alarm Co. v. Wadsworth,* 913 So. 2d 1070 (Ala. 2005) (quoting *Alfa Mutual Ins. Co. v. Roush,* 723 So.2d 1250, 1256 (Ala. 1998)). *See also Bozeman v. Central Bank of the South,* 646 So.2d 601 (Ala. 1994). Wantonness is statutorily defined as "conduct which is carried on with a reckless or conscious disregard of the safety rights of others."

Wantonness is a different tort concept than negligence because of the

8

requirement of culpability. A distinction between the two tort concepts is helpful in defining what is required to show wantonness:

> Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care;…simple negligence is the inadvertent omission of duty; and wanton and willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.

*Cola Bottling Co. United, Inc. v. Stripling,* 622 So.2d 882, 885 (Ala. 1993).

Though it is not necessary to prove an intent to injure when looking at the alleged wantonness of an individual, it is necessary to prove some degree of conscious culpability on the part of the defendant. *Yamaha Motor Co. Ltd. v. Thornton,* 579 So.2d 619, 623 (Ala. 1991). Therefore, it is necessary to look at "the state of mind with which the act or omission is done or omitted," such as premeditation that the injury will occur because of an individual's actions, when determining if conduct is wanton. *Coca-Cola Bottling Co.,* 622 So.2d at 885.

As discussed, in order to prove wantonness, there must be a showing of a conscious disregard for the safety of others. No evidence has been presented by the Plaintiff to make such a showing. Instead, all the evidence documents conspscious culpability. Instead, Pelletier reacted when an animal appeared in the road which caused him to lose control of the vehicle.

In *Beshears v. Greyhound Lines, Inc.,* summary judgment was granted as to the Plaintiff's wantonness claim alleged against a defendant bus driver. 59 F. 3d

759 (M.D. Ala. 2006). In reaching his decision, the Court recognized that although the driver intentionally drove his bus under an overpass causing the bus to strike the overpass, that there was no evidence that he did so knowing that the overpass was too low for his bus to fit through. Moreover, the Plaintiff did not present any evidence that the bus driver's state of mind revealed a conscious disregard for the safety of himself or others when he drove the bus under the overpass at a very slow rate of speed. Accordingly, viewing the evidence in a light most favorable to the Plaintiff, summary judgment was appropriate as to the Plaintiff's wantonness claims arising out of the operation of the bus.

In this case, the evidence does not support a claim of wantonness. There has simply been no showing of any action or inaction by the Defendant that would constitute wantonness. Mr. Pelletier's actions in operating the vehicle do not indicate that he had a state of mind reflecting a conscious disregard for the safety of others. If the allegations are taken in the light most favorable to the Plaintiff, this was an unfortunate incident that does not rise to the level of wantonness. *Brady,* 3 So. 2d 30, 31 (1941).

In regards to motor vehicle accident litigation, the Alabama Supreme Court has recognized a rebuttable presumption which when applied to the facts of the accident made the basis of Hagen's lawsuit, precludes the existence of wantonness in the instant action as a matter of law. In *Ex parte Essary,* 992 So. 2d, 5 (Ala.2007)

the Alabama Supreme in an appeal involving a two-vehicle accident at an intersection held:

> Although the evidence indicates that Essary knowingly entered the intersection, there is nothing from which the trier of fact could infer that, in moving his vehicle through the intersection, Essary's state of mind contained a requisite consciousness, awareness, or perception that *injury was likely* to or *would probably, result*. Indeed, the risk of injury to Essary was as real as any risk of injury to the plaintiffs. Absent some evidence of impaired judgment, such as from consumption of alcohol, we do not expect an individual to engage in self-destructive behavior. See *Griffin Lumber Co. v Harper,* 252 Ala. 93, 95, 39 So. 2d 399, 401 (1949) " there is a rebuttable presumption recognized by the law that every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instance of safety and self-preservation to exercise ordinary care for his own personal protection. It is found on the law of nature and has [as] its motive the fear of pain or death. *Atlantic Coastline R. Co. v. Wetherington,* 245 Ala. 313 (9), 16 So. 2d 720 (1944).

*Id.* at 17. There is zero evidence in this case concerning Cameron Pelletier's state of mind from which the trier of fact could infer he had the requisite consciousness, awareness, or perception that injury was likely to, or would probably result. As in *Essary*, the risk of injury to Pelletier himself was as real as any risk of injury to Hagen. There is no substantial evidence which in this instant action, can overcome the rebuttable presumption that Cameron Pelletier was wanton in the instant action. Accordingly, there is no basis for the claim of wantonness alleged against the Defendant and that claim should be dismissed as a matter of law. Several

11

additional Alabama Appellate cases decided post *Essary* support summary judgment in the present matter.

*Mandella v. Pennington,* is a guest statute case decided after *Essary.* 73 So. 3d 1257 (Ala. Civ. App. 2011). In *Mandella,* the defendant had been granted summary judgment as to the wantonness claim in a guest passenger statute action. There was evidence the defendant driver has stopped at a stop sign and waited for vehicles to pass. He then proceeded to cross a split level roadway and never stopped in the median. There was also evidence that he was trying to beat oncoming traffic. However, there was no evidence of state of mind or that he knew harm would likely result from his behavior. In reaching its decision, the Court relied upon *Essary* and the fact the manner the defendant driver was operating his vehicle would have been more harmful to himself potentially than to his passenger. In other words, his conduct likely amounted to negligence, but not the higher degree fault of wantonness.

Similarly, in *Phillips v. USAA,* the Alabama Supreme Court addressed the Guest Statute. 988 So. 2d 464 (Ala. 2008). In *Phillips,* the plaintiff argued the driver was liable because she acted wantonly causing her passengers injury. The facts demonstrated that two (2) teenagers were occupying the vehicle. The driver turned in the vehicle and waved to her friends taking her eyes off the roadway. As she did so, she began to cross the center line of the road and enter the east bound lane. She

then returned her attention back to the road and saw an oncoming car. She swerved to the right to avoid the car. That caused her truck to leave the roadway and enter the shoulder of the west bound lane. She then swerved back to the left and ultimately lost control of her vehicle causing it to flip over. Her passenger was ejected from the truck during the accident and sustained an injury to her back.

The Court determined based upon the facts, that evidence of wantonness was lacking. The Court noted that substantial evidence did not show that the driver had knowledge or consciousness that a likely result of momentarily waving to her friends would cause the subject automobile accident and that the injuries would result to her passenger. Also, in that case the Plaintiff relied upon the fact the passenger driver had also taught rules of driving safety and driver's education course while in school. Despite all of those facts the court determined that there was simply not enough evidence present to send the wantonness claim to a jury at trial. The facts in the present case do not establish any basis for which to conclude Cameron Pelletier had the state of mind to ignore himself or anyone else at the time of the accident. There is no evidence to impute Pelletier a depravity consistent with disregard of safety and self-preservation. The wantonness claim is due to be dismissed.

## II. Plaintiff's Case is Barred by the Alabama Guest Statute.

The statute applies to claims of a guest while be transported without payment. The first inquiry is whether Hagan was a "guest," as contemplated by the statute.

In a recent Alabama Supreme Court case concerning the Alabama Guest Statute, the Court explained, that the term "guest" is not defined in the statute, but the Alabama Supreme Court has held:

> The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both [the rider] and driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or if the rider accompanies the driver at the instance of the driver for the purpose of having the rider render a benefit or service to the driver on a trip that is primarily for the attainment of some objective of the driver, the rider is a 'passenger for hire' and not a guest.

*Hurst v. Sneed*, 229 So. 3d 215, 217 (Ala. 2017).

The Alabama Supreme Court explained further:

> The general rule regarding whether a rider in a vehicle is considered a "guest" or a "passenger for hire" for purposes of the Alabama Guest Statute, has three components: (1) if the transportation of a rider confers a benefit only on the rider, and no benefits, other than such as are incidental to hospitality, good will, or the like, on the driver, the rider is a guest; (2) if the transportation tends to promote the mutual interest of both the rider and the driver for their common benefit, thus creating a joint business relationship between the motorist and his or her rider, the rider is a "passenger for hire" and not a "guest"; and (3) if the rider accompanies the driver at the instance of the driver for the purpose of having the rider confer a benefit or service to the driver on a trip the primary objective of which is to benefit the driver, the rider is a "passenger for hire" and not a "guest."

14

229 So. 3d 215, Id. at 218.

In the present matter, the Plaintiff was a passenger in the car of Cameron Pelletier. They were in a romantic relationship and they were going to a friend of Plaintiff's apartment to provide aid. They were only going a short distance and it was Plaintiff's suggestion that Cameron drive them instead of walking. There was no work related or business purpose, and Plaintiff was not riding with Cameron in order to provide any service or to help with any task. Plaintiff did not provide any money or any compensation. Instead, the ride was indisputably gratuitous. There is no doubt Plaintiff was a "guest" in accordance with the statute.

### III. Plaintiff's Statutory Negligence/Wantonness Claim is Without Merit.

Plaintiff has asserted a claim of negligence and/or wantonness per se. Similar to the other negligence claim, the statutory negligence claim is barred by the Alabama Guest Statute. In addition, the evidence does not support a wantoness claim. However, even if the Alabama Guest Statute did not apply, the statutory claims are without merit.

Plaintiff alleges Pelletier is guilty of failure to maintain the vehicle under control, exceeing the speed limit, failure to use due care, failure to keep a proper lookout and gunning the accelerator. Plaintiff has not specifically cited a statute that has been violated and cannot meet the required elements of statutory negligence.

The doctrine of negligence per se or negligence as a matter of law arises from the premise that the legislature may enact a statute that replaces the common-law standard of the reasonably prudent person with an absolute, required standard of care. *Thomas Learning Ctr., Inc. v. McGuirk*, 766 So. 2d 161, 171 (Ala. Civ. App. 1998). When the legislature adopts such a statute, anyone who violates it and causes an injury to a person whom the statute was intended to protect is liable for negligence per se. *Id.* Proof of a violation of the statute is proof of negligence. *Id.*

The Alabama Supreme Court has stated that four elements are required for violation of a statute to constitute negligence per se: (1) The statute must have been enacted to protect a class of persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury. *Fox v. Bartholf*, 374 So. 2d 294, 295 (Ala. 1979). *Parker Bldg. Servs. Co. v. Lightsey*, 925 So. 2d 927, 930-931, (Ala. 2005). In the present situation, the Plaintiff has not identified a statute or ordinance nor has she substantiated any of the required elements. As a result, the negligence/wantonness per se claims are due to be dismissed.

## CONCLUSION

The Plaintiff's claims are barred by the Alabama Guest Statute. There insuffiecient evidence to establish a wantoness claim. The *Essary* decision makes it

clear ther is a rebuttable presumotion that Defendant would not act consciously in a manner that placed himself or others in danger. Plaintiff has no evidence to overcome that presumption. Defendant is entitled to Judgment as a Matter of Law.

Date: March 8, 2019

*s/Brad Smith*
Bradley J. Smith
State Bar ID: ASB-6847-B52S

Clark, Hair & Smith, P.C.
100 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
Email: bsmith@chslaw.com

*Attorney for Defendant Cameron Pelletier*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

James R. Kennamer
McMahan Law Firm
P.O. Box 11107
Chattanooga, Tennessee 37401
423-265-1100
423-266-1981 – Fax
Email: jaykennamer@mcmahanlawfirm.com

*s/Brad Smith*
Of Counsel

17

# Table of Contents

Table of Contents ................................................................................................. i,

Table of Authorities ........................................................................................... i,ii

Introduction ..................................................................................................... 1, 2

Narrative Summary of Facts ........................................................................ 2, 3, 4

Summary Judgment Standard ....................................................................... 5, 6,

Legal Argument .................................................................................................. 7

I. There is no Evidence of Willful or Wanton Misconduct ......................... 7

A. Plaintiff Has Not Established that Pelletier's Actions Rise to the Level of "Willful or Wanton Misconduct." ........................................... 8, 9, 10, 11, 12, 13

II. Plaintiff's Case is Barred by the Alabama Guest Statute ................ 13, 14,

III. Plaintiff's Statutory Negligence/

Wantonness Claim is Without Merit........................................................ 15, 16

Conclusion................................................................................................. 16, 17

# TABLE OF AUTHORITIES

## CASES

*Alfa Mutual Ins. Co. v. Roush*, 723 So.2d 1250, 1256 (Ala. 1998) .................. 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986) ........................................................................................... 6, 7

*Atlantic Coastline R. Co. v. Wetherington*, 245 Ala. 313 (9), 16 So. 2d 720 (1944) ............................................................................................................. 11

*Beshears v. Greyhound Lines, Inc.*, 59 F. 3d 759 (M.D. Ala. 2006) ............... 9

*Bozeman v. Central Bank of the South*, 646 So.2d 601 (Ala. 1994) ............... 8

*Brady*, 3 So. 2d 30, 31 (1941) ........................................................................ 10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ..................................................................................................... 5, 7

*Coca-Cola Bottling Co. United, Inc. v. Stripling*, 622 So.2d 882, 885 (Ala. 1993) ................................................................................................................. 9

*Davis v. Davis*, 622 So. 2d 901, 902 (Ala. 1993) ................................................. 8

*Ex Parte Anderson*, 682 So. 2d 467 (Ala. 1996) ................................................ 8

*Ex Parte Anderson*, 682 So. 2d at 469 ................................................................ 8

*Ex Parte Essary*, 992 So. 2d, 5 (Ala.2007) ................................... 10, 11, 12, 17

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) ................. 6

*Fox Alarm Co. v. Wadsworth*, 913 So. 2d 1070 (Ala. 2005) ........................... 8

*Fox v. Bartholf*, 374 So. 2d 294, 295 (Ala. 1979) ........................................... 16

*Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) .................. 6

*Griffin Lumber Co. v Harper*, 252 Ala. 93, 95, 39 So. 2d 399, 401 (1949).. 11

*Hurst v. Sneed*, 229 So. 3d 215, 217 (Ala. 2017) ............................................ 14

*LaRoche v. Denny's, Inc.*, 62 F. Supp.2d 1366, 1371 (S.D. Fla. 1999) .......... 7

*Mandella v. Pennington*, 73 So. 3d 1257 (Ala. Civ. App. 2011) .................... 12

*Parker Bldg. Servs. Co. v. Lightsey*, 925 So. 2d 927, 930-931, (Ala. 2005)  16

*Phillips v. USAA*, 988 So. 2d 464 (Ala. 2008) ................................................ 12

*Sawyer v. Southwest Airlines Co.*, 243 F. Supp.2d 1257, 1262 (D.Kan. 2003) 7

*Thomas Learning Ctr., Inc. v. McGuirk*, 766 So. 2d 161, 171 (Ala. Civ. App. 1998) ........................................................................................................... 16

*Yamaha Motor Co. Ltd. v. Thornton*, 579 So.2d 619, 623 (Ala. 1991) .......... 9

## CODES

*Ala. Code § 32-1-2 (1975)* .................................................................................. 7

*Ala. Code § 6-11-20(C) (3)* ................................................................................ 8

*Federal Rule of Civil Procedure 56(c)* ............................................................ 5