# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA CENTRAL DIVISION

MARY ABIGAIL HAGEN, )
)
    Plaintiff )
)
vs. ) Civil Action No.: 2:18-cv-1169-AKK
)
CAMERON NICHOLAS )
PELLETIER, )
)
    Defendant )

## PLAINTIFF, MARY ABIGAIL HAGEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING BRIEF

James R. Kennamer
Alabama State Bar #KEN/023
McMAHAN LAW FIRM
P.O. Box 11107
Chattanooga, TN  37401
423/265-1100
Fax: 423/266-1981
jaykennamer@mcmahanlawfirm.com
*Attorneys for Plaintiff*

# Table of Contents

Table of Contents.................................................................................... I

Table of Authorities................................................................................ I

Introduction............................................................................................ 2

Narrative Summary of Facts.................................................................. 3

Legal Argument..................................................................................... 4

    I.    Failure to Use Seatbelt .............................................................. 4

    II.   Contributory Negligence........................................................... 5

    III.  Assumption of Risk.................................................................. 5

Conclusion............................................................................................. 6

# Table of Authorities

### Statute

Ala. Code §32-5B-7............................................................................ 3,4

# U.S. DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# CENTRAL DIVISION

| | |
|---|---|
| MARY ABIGAIL HAGEN,           )<br>                              )<br>        Plaintiff             )<br>                              )<br>vs.                           )<br>                              )<br>CAMERON NICHOLAS              )<br>PELLETIER,                    )<br>                              )<br>        Defendant             ) | Civil Action No.: 2:18-cv-1169-AKK |

## PLAINTIFF, MARY ABIGAIL HAGEN'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND SUPPORTING BRIEF

Comes now the plaintiff, Mary Abigail Hagen, and moves this Honorable Court for Partial Summary Judgment in her favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. As grounds for Partial Summary Judgment, plaintiff, Mary Abigail Hagen, states there is no issue of material fact on this defense plead by the defendant of: SIXTH DEFENSE - Seatbelt, FOURTEENTH DEFENSE - Contributory Negligence and FIFTEENTH DEFENSE - Assumption of Risk.

## INTRODUCTION

Plaintiff has already filed a Response to Defendant's Motion for Summary Judgment setting out overwhelming evidence of reckless, willful and wanton conduct of the Defendant.

This lawsuit arose from the severe injuries sustained by the plaintiff at approximately 2:30 am on May 20, 2017 when the defendant was operating his Ford F150 with the plaintiff as a front seat passenger and the plaintiff was burning out and peeling out in excess of 30 mph on the Campus of Birmingham Southern College (that has a 15 mph maximum speed limit). The defendant peeled out around a corner in front of the fraternity houses, apparently never coming off the accelerator, leaving continuous tire marks, with no signs of braking or evasive maneuvers (he later claimed he saw a night-time squirrel or fox that suddenly jumped in front of him from bushes over 50 feet away). The plaintiff claims defendant was gunning it around corners despite her protests. An eye-witness saw defendant's actions described as burning out and peeling out and saw no such night-time squirrel or fox. The plaintiff's grandfather has supplied a video of tire marks of the final burnout that lead continuously to the undisputed scene of the crash where it showed the extreme distance plaintiff remained on the accelerator leading to flipping his truck multiple

times as shown in the video and ending up on its side with the plaintiff partially ejected for the passenger side window and crushed under the weight of the truck.

Evidence will show that the defendant was well aware of the danger of his actions and that he had caused others injury doing similar reckless and wanton conduct on a prior occasion.

## NARRATIVE SUMMARY OF FACTS

1. At the time of entering the passenger seat of defendant's vehicle, plaintiff, Mary Abigail Hagen, was normal, mentally and physically, as admitted by defendant. (Exhibit 1, p.52).

2. Defendant claims nothing about him that made him unfit to drive that would alarm plaintiff. (See defendant's statement of facts in his Motion for Summary Judgment).

3. Use or no use of a seatbelt in Alabama is controlled by Ala. Code §32-5B-7.

4. Defendant plead the following defenses in his Answer:

## SIXTH DEFENSE

Plaintiff failed to wear a seatbelt which was equipped on the truck in which she was a guest. Had plaintiff used her seatbelt, she would not have been injured.

## FOURTEENTH DEFENSE

Plaintiff was guilty of contributory negligence which proximately contributed to her own injury.

## FIFTEENTH DEFENSE

Plaintiff assumed the risk of an accident and injury by her conduct on the date of the accident.

## **LEGAL ARGUMENT**

I.  Failure to Use a Seatbelt is Governed by Ala. Code §32-5B-7.

Failure to wear safety belt; not evidence of contributory negligence; liability of insurer not limited; driving record of individual charged.

> "Failure to wear a safety belt in violation of this chapter shall not be considered evidence of contributory negligence and shall not limit the liability of an insurer, nor shall the conviction be entered on the driving record of any individual charged under the provisions of this chapter."

This statute speaks for itself and will also be a subject of a Motion in Limine to be filed later. The SIXTH DEFENSE relative to the use of a seatbelt is improper.

II.   Contributory Negligence.

The defendant claims he was not incompetent to drive so nothing would have alarmed the plaintiff not to get in the vehicle by his own admission. The defendant also admits that the plaintiff was fine mentally and physically where in no way could she be responsible for his reckless, willful and wanton actions. Since the use or non-use of the seatbelt is out by statute, plaintiff was acting fine and nothing about the defendant alerted her he was about to go "Dale Earnhardt, Jr." on a college campus, there can be no set of facts or law justifying a defense of contributory negligence.

III.   Assumption of Risk

This defense fails for the same reason as number II.

## CONCLUSION

WHEREFORE, plaintiff respectfully requests that Partial Summary Judgment be granted in her favor with respect to the SIXTH, FOURTEENTH and FIFTEENTH defenses listed in the Answer to the Complaint.

    Respectfully submitted,

    McMAHAN LAW FIRM


    By:/s/James R. Kennamer, AL Bar #KEN/023
        James R. Kennamer, BPR #16172
        Attorneys for Plaintiff
        P.O. Box 11107
        Chattanooga, TN  37401
        423/265-1100
        Fax: 423/266-1981

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, I electronically filed Plaintiff's Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

John W. Clark, Jr., Esq.
Bradley J. Smith, Esq.
CLARK, HAIR & SMITH, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, AL 35242
205/397-2900
Fax: 205/397-2901
E-mail: jclark@chslaw.com

By: /James R. Kennamer, AL Bar #KEN/023
    For the Firm
    Attorney for Plaintiff